UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD D. SAVIDGE,

        Petitioner,

   v.

STUART J. RYAN,

        Respondent.

NO. CIV. S-05-335 LKK/KJM P

O R D E R

    Petitioner filed for habeas corpus. He challenges convictions for several sex offenses. On November 23, 2010, this court adopted the findings and recommendations of the magistrate judge except insofar as they recommended that the court confirm the state appellate majority's conclusion that the prosecutor's comments violated petitioner's Sixth Amendment right to counsel, and thereby granted the petition. The court specifically ordered respondent to release petitioner within sixty days unless, within that period of time, proceedings are initiated in the California Superior Court for a retrial. Thus, pursuant to that order, proceedings must be

1

instituted by January 24, 2011 to avoid petitioner's release. Respondent appealed that order, and seeks a stay pending resolution of the appeal.

Under Fed. R. App. P. 8, this court has jurisdiction to stay the grant of relief pending appeal. This court has discretion whether to issue such a stay, guided by consideration of "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The Ninth Circuit conceives this standard as "two interrelated legal tests" operating along a continuum. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). At one end of the continuum, the moving party may succeed if it shows that there is a probability of success on the merits as well as a possibility of irreparable injury. Golden Gate Restaurant Ass'n. v. City and County of San Francisco, 512 F.3d 1112, 1115-16 (9th Cir. 2008). At the other end, the moving party may succeed if it shows that it has raised "serious legal questions" and that "the balance of hardships tips sharply in its favor." Id. at 1116 (quoting Lopez, 713 F.2d at 1435). Finally, the district court must consider the public interest implicated by the grant of the stay; this consideration is distinct from the harm to the parties in the court's grant or denial of a stay. Natural Resource Defense Council, Inc. v. Winter, 502 F.3d 859, 863-64 (9th Cir. 2007).

1    Having reviewed these factors, the court denies the motion for
2 a stay. Respondent has shown a possibility, although not a
3 likelihood, of success on the question of whether the state court
4 unreasonably determined that the constitutional violation it found
5 constituted harmless error beyond a reasonable doubt. Balancing
6 the hardships, the court rejects respondent's contention that a
7 stay which necessarily prolongs detention will not injure
8 petitioner because the "time served by Petitioner during the
9 pendency of his appeal would be credited toward any sentence he
10 would receive following retrial." The court also rejects the
11 argument that a stay furthers the public interest in that
12 petitioner poses a continuing danger to the community if released
13 and is a flight risk because these concerns can be addressed in a
14 state court bail hearing. Ultimately, however, the court concludes
15 that the balance of hardships, coupled with the possibility of
16 success on appeal, would only warrant a limited stay of fourteen
17 days to allow respondent to seek a further stay from the Ninth
18 Circuit, pursuant to Fed. R. App. P. 8(a)(2)(A)(ii). Because the
19 deadline for the initiation of new criminal proceedings is more
20 than fourteen days from the issuance of this order, no stay is
21 warranted.
22    IT IS SO ORDERED.
23    DATED: January 5, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3